UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. NORRIS, | ) | CASE NO.  1:26-cv-00144 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| OHIO ADULT PAROLE AUTHORITY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant, | ) | |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | |
| Interested Party. | ) | |

Before the Court is *pro se* Plaintiff Robert L. Norris' ("Plaintiff") Complaint.  (Doc. 1.)

For the reasons stated herein, the Complaint is DISMISSED with prejudice.

I.      BACKGROUND

This case is the latest installment of Plaintiff's repeated challenges to his 1993 conviction

and sentence and the *nunc pro tunc* orders issued by the trial court in 1995 and 1998.  He has

challenged the validity of the *nunc pro tunc* orders in this court, in both habeas corpus petitions

and civil rights actions, for over thirty years.  Plaintiff claims here that the signatures of the trial

judge on the second and third *nunc pro tunc* orders do not match the signature on the original

judgment of conviction and therefore must be forgeries.  He asserts that these "forged" orders are

void and the Ohio Adult Parole Authority's ("OAPA") reliance on them violates due process.

He seeks an Order from this Court enjoining the OAPA from using those *nunc pro tunc* entries to

determine his eligibility for parole.

On July 27, 1993, a Stark County jury found Plaintiff guilty of one count of kidnapping

and two counts of rape.  *State v. Norris*, Case No. 92-CR-2871A (Stark Cnty. Ct. Comm. Pl.

Sept. 10, 1993).  The trial court sentenced Plaintiff on September 10, 1993, to fifteen to twenty-five years imprisonment on each count, to be served consecutively, for an aggregate total sentence of 45 to 75 years, and a $10,000 fine for each count.  *Id.*

On December 27, 1993, the trial court entered a *nunc pro tunc* judgment entry ordering the Stark County Sheriff to calculate Plaintiff's jail time credit.  *State v. Norris*, No. 2000CA00235, 2001 WL 300642, at *1 (Ohio Ct. App. Mar. 26, 2001).  That order was not recorded on the docket until January 4, 1994.  The trial court's *nun pro tunc* order, however, only imposed a sentence upon Plaintiff as to the kidnaping charge, omitting the two rape charges.  *Id*. The entry also indicated that the sentences will be served consecutively, indicating that the omission of the other two sentences was inadvertent.  Plaintiff filed a direct appeal of his conviction and sentence, and, in February 1995, the state appellate court affirmed his convictions and sentence.  *State v. Norris*, No. CA-9436, 1995 WL 160552, 1995 Ohio App. LEXIS 1410 (Ohio Ct. App. Feb. 21, 1995)).

While his direct appeal was pending, Plaintiff filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  *Norris v. Schotten*, No. 94-cv-1221 (N.D. Ohio filed June 15, 1994).  On March 10, 1995, the court dismissed the Petition without prejudice because Plaintiff had not exhausted his state court remedies.

Upon exhaustion of his available state court remedies, Plaintiff returned and filed a second Petition for Writ of Habeas Corpus.  *Norris v. Schotten*, No. 95-cv-1545 (N.D. Ohio filed July 17, 1995).  In his federal habeas petition, Plaintiff argued the trial court dropped the rape counts from the indictment and sentenced him only on the kidnaping charge.  Therefore, to Plaintiff, he was entitled to release after the expiration of the kidnaping sentence.  On October 13, 1995, while his Petition remained pending, the state trial court entered a second *nunc pro*

*tunc* judgment entry correcting its previous omission of Plaintiff's rape convictions from its first *nunc pro tunc* entry.  Also in that order, the trial court imposed a $20,000 fine for each of the rape counts instead of the original $10,000 fine for each count to which he had been sentenced.

Plaintiff amended his habeas petition to include objections to the errors contained in the state court's second *nunc pro tunc* entry.  The court addressed the merits of Plaintiff's claims and denied the writ in April 1996.  *Norris v. Morgan*, No. 95-cv-1545 (N.D. Ohio April 30, 1996) (Doc. 98).  On May 26, 1998, Plaintiff appealed to the United States Sixth Circuit Court of Appeals, which affirmed the denial of the writ.  In its opinion, the Sixth Circuit stated:

> We understand [Plaintiff's] frustration with the disorderly and confusing method by which he was sentenced in state court. However, we agree with the district court that the August [1995] *nunc pro tunc* entry was most likely made in order to eradicate any suggestion by the December 1993 *nunc pro tunc* judgment entry that [Plaintiff's] sentences for the two rapes had been dropped. The reason for the December 1993 *nunc pro tunc* judgment entry is unclear; what is clear is that that entry as it now stands was made in error. Ohio courts may amend a journal entry *nunc pro tunc* in order to correct any errors so that the final sentencing entry accurately reflects the penalty imposed at the sentencing hearing. We emphasize that [Plaintiff] cannot expect to benefit from such clerical errors, especially when there is no valid reason why [he] should think that two rape convictions would carry no sentence.

*Norris v. Schotten*, 146 F.3d 314, 333 (6th Cir. 1998) (internal citation omitted).  The Sixth Circuit also questioned the increase in the fine amounts but found a resort to habeas relief was premature because the claim had not been properly presented to the state courts.

In July 1998, the state trial court entered a third *nunc pro tunc* judgment, this time correcting the fine amounts applicable to each charge and clarifying that Plaintiff was to pay $10,000 on each count of his conviction for an aggregate total fine of $30,000.  *Norris*, 2001 WL 300642, at *1.

Thereafter, on December 30, 1998, Plaintiff filed another Petition for Writ of Habeas Corpus attacking his Ohio convictions, which the court dismissed, in part because Plaintiff had

not been granted permission by the Sixth Circuit to file a successive habeas petition and, in part

because Plaintiff's claim regarding the increase in fines had not been properly presented to the

state courts.  *Norris v. Konteh*, No. 98-cv-3018 (N.D. Ohio Sept. 14, 1999).  Plaintiff appealed,

and the Sixth Circuit denied a certificate of appealability.  *Norris v. Konteh*, No. 99-4162 (6th

Cir. Mar. 6, 2000).

On July 11, 2001, Plaintiff filed another Petition for Writ of Habeas Corpus.  *Norris v.

Morgan*, No. 01-cv-1676 (N.D. Ohio).  Among the grounds raised, Plaintiff argued the 1993

*nunc pro tunc* entry was constitutionally valid and had a *res judicata* effect barring the 1995 and

1998 *nunc pro tunc* entries in the same case.  The court denied habeas relief in October 2002,

finding the claim procedurally defaulted because Plaintiff had filed a post-conviction petition in

the state trial court challenging the 1995 and 1998 *nunc pro tunc* entries but failed to appeal the

denial of that petition.  The court further found even if the claim were not defaulted, it lacked

merit because, as noted by the Sixth Circuit in *Norris v. Schotten*, *supra*, the state trial court

could amend a journal entry *nunc pro tunc* to correct any errors so that the final sentencing entry

accurately reflected the penalty imposed at the sentencing hearing.  *Norris v. Morgan*, No. 01-cv-

1676 (N.D. Ohio Oct. 28, 2002) (Doc. 26 at 260) ("Petitioner has failed to demonstrate that the

1998 *nunc pro tunc* order in any way altered the original sentence he was given in 1993.  In fact,

it sets forth precisely the sentence announced in open court in 1993.").  Plaintiff appealed, and

the Sixth Circuit denied a certificate of appealability.  *Norris v. Morgan*, No. 02-4390 (6th Cir.

May 30, 2003).

Plaintiff then filed a declaratory judgment action, seeking a declaration that he was

entitled to retain the sentence set forth in the 1993 *nunc pro tunc* entry, which excluded the two

rape convictions, based on purported findings of law by this court that those counts had been

dropped. *Norris v. United States*, No. 04-cv-0714 (N.D. Ohio filed Apr. 16, 2004). The court dismissed the action for want of subject matter jurisdiction, noting the Declaratory Judgment Act, 28 U.S.C. § 2201, did not create jurisdiction and finding Plaintiff 's exclusive remedy to challenge his sentence was through a habeas petition. *Norris v. United States*, No. 04-cv-0714 (N.D. Ohio July 9, 2004) (Doc. 8 at 50). The court also concluded habeas relief was not available to Plaintiff because he had already been denied habeas relief on the merits and, therefore, 28 U.S.C. § 2244(b)(1) required dismissal of his previously litigated claims for relief. Finally, the court noted even if his claim were not barred, he must seek leave from the Sixth Circuit prior to filing a successive petition. *Id.* at 51. In June 2005, the Sixth Circuit affirmed the district court's dismissal. *Norris v. United States*, No. 04-4031 (6th Cir. June 14, 2005).

Meanwhile, Plaintiff continued to litigate his claims related to the *nunc pro tunc* entries in the state courts, filing an action in the Court of Claims of Ohio, seeking an award of damages for false and/or wrongful imprisonment. *Norris v. Ohio Dep't of Rehab. & Corr.*, No. 2004-07824 (Ohio Ct. Claims filed Aug. 2, 2004). In that case, the court granted Defendants' Motion for Summary Judgment, holding the alleged clerical errors in the state court's sentencing entries did not affect the validity of Plaintiff's conviction and sentence. *Norris v. Ohio Dep't of Rehab. & Corr.*, No. 2004-07824, 2005 WL 1820027, at *1 (Ohio Ct. Claims July 12, 2005) (citing *Norris*, 146 F.3d at 333).

Plaintiff appealed, and the Tenth District Court of Appeals of Ohio affirmed, finding Norris's claims were barred by the doctrine of *res judicata*. *Norris v. Ohio Dep't of Rehab. & Corr.*, No. 05AP-762, 2006 WL 891023, at *3 (Ohio Ct. App. Apr. 6, 2006). Specifically, the court held:

> A review of the record in this case reveals that [Plaintiff] has made the same arguments relating to the original and *nunc pro tunc* entries in numerous courts in

both the federal and state systems. *See Norris v. Konteh*, No. 98-T-0030 (Ohio Ct. App. Apr. 19, 1999) (affirming the trial court's denial of a writ of habeas corpus based upon sentencing entries); *Norris v. Schotten*, *supra* (affirming the federal district court's denial of habeas corpus relief). It has been repeatedly held that the *nunc pro tunc* entries filed in this matter were to correct prior defects in the entries and in no way affect [Plaintiff's] fundamental rights. *See also State v. Norris*, No. 2000CA00235 (Ohio Ct. App. Mar. 26, 2001).

* * *

Thus, not only do we reach the same conclusion as the previous court[s] that have addressed this issue, that the alleged clerical errors in the trial court's sentencing entries, including those corrected by the 1998 *nunc pro tunc* entry, do not affect the validity of [Plaintiff's] convictions and sentence, but the claims brought by [Plaintiff] relating to this issue are clearly barred under the doctrine of *res judicata*.

*Id*. at *4 (citations cleaned up); *see also, State v. Norris*, No. 2006CA00384, 2007 WL 1470439 (Ohio Ct. App. May 21, 2007) (affirming trial court's denial of several *pro se* post-judgment motions filed by Plaintiff as frivolous and finding Plaintiff's legal challenges to the trial court's sentencing entries barred by *res judicata*).

On April 24, 2006, Plaintiff returned to federal court, filing an "Emergency Request for Constitutional and Civil Rights' Relief to Correct a Manifest Miscarriage of Justice" in the United States District Court for the Southern District of Ohio, which transferred the action to this district. *Norris v. Wilson*, No. 06-cv-1213 (N.D. Ohio filed May 16, 2006). Plaintiff's filing again attacked the state court's *nunc pro tunc* entries. The court construed his request as a successive habeas petition and dismissed the action pursuant to 28 U.S.C. § 1915A. *Norris v. Wilson*, No. 06-cv-1213 (N.D. Ohio July 26, 2006) (Doc. 11). In December 2006, the Sixth Circuit denied his request for a certificate of appealability. *Norris v. Wilson*, No. 06-4107 (6th Cir. Dec. 26, 2006).

On February 13, 2012, Plaintiff filed a Motion for Leave to File a Motion for Relief from Judgment in Case No. 95-cv-1545, seeking relief from the Sixth Circuit's May 26, 1998,

decision affirming the court's denial of his habeas petition.  The court denied the Motion on

February 17, 2012, noting it lacked the power to grant relief from a court of appeals decision and

that a district court lacked jurisdiction to entertain a successive habeas petition containing

previously litigated claims in the absence of leave from the Sixth Circuit to file such a petition.

*Norris v. Schotten*, No. 95-cv-1545 (N.D. Ohio Feb. 17, 2012) (Doc. 128).  Plaintiff appealed,

and on November 13, 2012, the Sixth Circuit denied his application for a certificate of

appealability, stating:

> Reasonable jurists could not disagree with the district court's denial of Norris's Rule 60(b) motion. Norris does not identify any error in the district court's judgment that would warrant relief under this rule. Contrary to Norris's assertions, this court neither voided the state court's judgment nor directed the state court to resentence him. *See Norris*, 146 F.3d at 333. Accordingly, Norris is not entitled to the relief that he seeks. To the extent that Norris seeks to reassert his attack on the validity of the state-court judgment against him, his claims are not properly raised in a Rule 60(b) motion and instead must pass through the gatekeeping requirements that apply to second or successive petitions for habeas corpus relief.

*Norris v. Schotten*, No. 12-3289 (6th Cir. Nov. 13, 2012).

Plaintiff filed another civil rights action under 42 U.S.C. § 1983 in 2013, claiming that

the state court's 1998 *nunc pro tunc* entry is invalid and the State had no power or authority to

enforce it.  *See Norris v. Reinbold*, No. 13-cv-721, 2013 WL 6277021 (N.D. Ohio Dec. 4, 2013).

He sought injunctive and monetary relief.  On December 4, 2013, the court dismissed the matter

stating that the defendants were entitled to immunity, and that the Plaintiff could not collaterally

attack his conviction in a civil rights action under *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.

Ct. 2364, 129 L. Ed. 2d 383 (1994).  He appealed and on December 18, 2014, the Sixth Circuit

affirmed the judgment for the reasons stated by the district court, noting: "Norris has since filed

multiple actions in federal and state court challenging the validity of his confinement based on

the asserted invalidity of the *nunc pro tunc* judgment entries. All have been unsuccessful." *See*

*Norris v. Reinbold*, No. 13-4462 (6th Cir. Dec. 18, 2014).

Plaintiff filed yet another habeas petition in 2019 asserting the same claim regarding the

*nunc pro tunc* entries. *See Norris v. Wainwright*, No. 19-cv-25 (N.D. Ohio filed Jan. 4, 2019).

On April 12, 2019, the court transferred it as a successive petition to the Sixth Circuit. The Sixth

Circuit denied authorization to proceed with a second or successive petition on October 30, 2019.

Plaintiff next filed a "Petition Preemptory Writ of Prohibition" against two Judges and the Ohio

Department of Rehabilitation and Correction. *See Norris v. Farmer*, No. 20-cv-55 (N.D. Ohio

filed Jan. 10, 2020). This Petition challenged the *nunc pro tunc* entries and his current sentence.

The court transferred it to the Sixth Circuit as a successive petition. The Sixth Circuit denied

authorization for the district court to consider a second or successive petition on November 23,

2020.

On March 21, 2022, Plaintiff filed yet another Petition for Writ of Habeas Corpus under

28 U.S.C. § 2254. *See Norris v. Hill*, No. 22-cv-445 (N.D. Ohio Apr. 18, 2022). This petition

raised a new claim challenging his jail time credits and that his sentence was invalid because the

trial court did not calculate the credit in its original order. The court transferred the Petition to

the Sixth Circuit as successive. On September 12, 2022, the Sixth Circuit denied authorization to

proceed with a successive petition.

Undeterred, Plaintiff now filed this civil rights action once again challenging the 1995

and 1998 *nunc pro tunc* orders. (Doc. 1.) He challenges the judge's signature on those orders,

claiming that it does not match the judge's signature on the judgment of conviction or the 1993

*nunc pro tunc* order. (*Id.* at 5.) He claims the 1995 and 1998 orders were forged, making them

invalid and leaving the 1993 *nunc pro tunc* order as his sentence. (*Id.*) He also alleges the

OAPA denied him meaningful consideration for parole to the extent it was basing his parole eligibility on the sentence set forth in the 1998 *nunc pro tunc* order.  (*Id.* at 5-6.)  He seeks an order from this Court enjoining the OAPA from using the 1995 or 1998 *nunc pro tunc* orders to determine his eligibility for parole and an order requiring he be given a new parole hearing with his sentence calculated as provided in the first *nunc pro tunc* order.  (*Id.* at 6.)

## II.      ANALYSIS

### A.       Legal Standard

A court must review "a complaint in a civil action in which a prisoner seeks redress form a governmental entity or officer or employee of a governmental entity" and must "dismiss the complaint" if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (a district court must "screen and dismiss complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief").

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a Rule 12(b)(6) motion, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

When evaluating a motion to dismiss, courts must presume all factual allegations to be true and all inferences must be drawn in plaintiff's favor. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)). But the court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)). A pleading that offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012)). Nor does a complaint suffice if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotations and citations omitted).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure un-pleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

## B.    *Res Judicata*

"[R]es judicata" means "a matter [already] judged." Black's Law Dictionary (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). The

doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue brought before the court and every issue or defense that should have been raised in the previous action. *Id.* Furthermore, *res judicata* bars parties from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

The doctrine of *res judicata* consists of two separate preclusion concepts: issue preclusion and claim preclusion. *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir.1997). Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *New Hampshire v. Maine*, 532 U.S. 742, 748-49, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim. *Id*.

This case is barred by issue preclusion. The issue of the validity of the second and third *nunc pro tunc* orders has been litigated multiple times in multiple ways, including habeas corpus petitions, civil rights actions, generic petitions, emergency requests, and motions. Plaintiff appealed those decisions to the Sixth Circuit, which held the subsequent *nunc pro tunc* orders are valid. *Norris*, 146 F.3d at 333. Although Plaintiff challenges the *nunc pro tunc* orders under a new legal theory, he cannot overcome the bar of *res judicata*. *Res judicata* bars relitigation of these issues in federal court. On that basis alone, this case must be dismissed with prejudice.

The Ohio Supreme Court came to the same conclusion regarding the same legal theory Plaintiff brings here.  *See Norris v. Ohio Adult Parole Auth.*, 272 N.E.3d 347 (Ohio 2025).  In that case, as here, Plaintiff alleged "the trial judge's signature on the 1998 *nunc pro tunc* entry was forged and that the entry therefore was never properly journalized."  *Id.* at 278.  And, as here, Plaintiff "submitted what he asserts is a report from a handwriting expert concluding that the signature was not written by the trial judge."  *Id.*  The Tenth District Court of Appeals dismissed the case as barred by *res judicata*.  *Id.* at 280.  The Ohio Supreme Court affirmed.  *Id.* The Supreme Court recognized while Plaintiff has not previously asserted the same legal theory regarding the OAPA's authority, "courts have previously rejected the underlying basis of his claim—that the *nunc pro tunc* sentencing entry issued in 1998 in his criminal case was not properly signed or journalized."  *Id.*  The Supreme Court further explained:

> Because Norris could have raised the alleged forgery in a previous challenge to the 1998 entry, he may not do so now. Moreover, to the extent that Norris is arguing that the [O]APA may not consider whether to release him on parole because his convictions and sentence are invalid, as the Tenth District noted in 2006 about the *nunc pro tunc* entries, "it has been repeatedly held that the *nunc pro tunc* entries filed in this matter were to correct prior defects in the entries and in no way affect [Norris's] fundamental rights."

*Id.* at 281.  This lawsuit, which asserts the same legal theory, is subject to same reasoning.

This case is also subject to dismissal for the same reasons his numerous prior cases have been dismissed:  Plaintiff cannot challenge his conviction, sentence, or continued incarceration in a civil rights action.  To proceed with a civil rights action based on claims of an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove the conviction or sentence has been overturned.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). *Heck* applies whether the plaintiff seeks monetary or injunctive relief.  *Id.* at 487; *Wilson v.*

*Kinkela*, 145 F.3d 1335 (6th Cir. 1998).  Plaintiff's convictions and sentences have not been overturned.  To the contrary, they have been repeatedly affirmed.  He cannot sidestep *Heck* by seeking only injunctive relief.

### C.      Successive Habeas Corpus Relief

This Section 1983 action is an attempt to file a successive habeas petition.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriquez*, 411 U.S. 475, 499-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  While cloaked as a Section 1983 lawsuit, Plaintiff seeks relief which would entitle him to release from imprisonment.  But the proper vehicle for seeking such relief is a habeas corpus petition.  *Id.*  Plaintiff has already filed numerous such petitions, all of which have been rejected.  A second or successive motion under Section 2254 may not be filed without leave from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3).  For this independent reason, Plaintiff's Complaint must be dismissed.

### D.      Restricted Filing

Courts in this District have been tolerant of Plaintiff's repeated attempts to challenge his sentence and the *nunc pro tunc* orders.  But there comes a point when it can no longer allow Plaintiff to waste judicial resources on matters already decided.  Plaintiff is enjoined from filing any new complaint, petition, or motion that challenges, directly or indirectly, his 1993 conviction or the 1995 and 1998 *nunc pro tunc* orders.  *See Feathers v. Chevron, U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (affirming district court's injunction of filings within a "reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases").  Plaintiff is cautioned that if he files another action in violation of this Order, he may

face sanctions, including but not limited to, a permanent injunction from filing any new case in this District without first seeking and obtaining leave of court.

## III.  CONCLUSION

For the reasons stated herein, this action is DISMISSED pursuant to 28 U.S.C. § 1915A. Plaintiff Robert L. Norris is enjoined from filing any new complaint, petition, or motion that challenges, directly or indirectly, his 1993 conviction or the 1995 and 1998 *nunc pro tunc* orders. He is cautioned that failure to comply with this Order may result in the imposition of sanctions, including but not limited to a permanent injunction from filing any new action without first seeking and obtaining leave of court.  Plaintiff's Motions for Appointment of Counsel (Docs. 3, 6) are DENIED as moot.  Plaintiff's Request for Entry of Default (Doc. 10) is DENIED as moot. The Motion for Extension of Time to Answer (Doc. 9) is DENIED as moot.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:   April 22, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE